UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH SOULE,

    Petitioner,                              Civil Action No. 08-cv-13655
                                                  HON. BERNARD A. FRIEDMAN

v.

CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Joseph Soule ("petitioner") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, Mich. Comp. Laws § 750.316; assault with intent to commit murder, Mich. Comp. Laws § 750.83; and possession of a firearm in the commission of a felony, Mich. Comp. Laws § 750.227b. Respondent has filed an answer and a supplemental answer to the petition. Respondent argues that petitioner's habeas petition is barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1). Petitioner has filed a reply to the supplemental answer. For the reasons stated below, the petition for writ of habeas corpus is summarily denied.

I.    Background

Petitioner was convicted of the above offenses following a jury trial in the Monroe

-1-

County Circuit Court, and his conviction was affirmed on appeal by both the Michigan Court of Appeals and Supreme Court. *People v. Soule,* No. 2006 WL 1451500 (Mich. Ct. App. May 25, 2006) *lv. den.* 477 Mich. 916 (2006). On April 2, 2007, the United States Supreme Court denied petitioner's application for a writ of certiorari. *Soule v. Michigan*, 549 U.S. 1324 (2007). Thereafter, petitioner filed an application for writ of habeas corpus with this Court, in which he sought habeas relief on eight grounds. [1]

Respondent filed an answer to the petition, in which she asserted that petitioner's seventh claim was not properly exhausted because it had been presented to the state courts for the first time in petitioner's application for leave to appeal to the Michigan Supreme Court. Respondent further argued that all of petitioner's claims, including petitioner's seventh claim, should be denied on the merits. In the alternative, respondent urged the Court to dismiss the petition without prejudice so that petitioner could return to the state court and exhaust his seventh claim. [2]

Petitioner conceded that his seventh claim had not been properly exhausted on direct appeal and requested that the petition be held in abeyance, thereby affording him the opportunity to exhaust this claim.

On June 2, 2009, this Court held the petition for writ of habeas corpus in abeyance and later granted petitioner an extension of time to file his post-conviction motion for

---

[1] Under the prison mailbox rule, the Court assumes that petitioner filed his habeas petition on July 29, 2008, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

[2] *See* Answer in Opposition to Petition for Writ of Habeas Corpus. [docket entry 6].

relief from judgment with the state courts. In May of 2010, petitioner filed a motion for relief from judgment, which the trial court denied. *People v. Soule,* No. 03-032768-FC (Monroe County Circuit Court, July 28, 2010). Again, both the Michigan Court of Appeals and Supreme Court affirmed his conviction. *People v. Soule,* No. 300205 (Mich. Ct. App. Jun. 8, 2011) *lv. den.* 490 Mich. 1001 (2012).

On March 15, 2012, petitioner filed a motion to reinstate and amend his petition, which the Court granted. Respondent then filed a supplemental answer to the petition and the amended petition. As part of her second or supplemental answer, respondent contends that petitioner's original and amended habeas petitions are time barred because both were filed beyond the one year statute of limitations for filing habeas petitions.[3] 28 U.S.C. § 2244(d)(1).

## II.  Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a state court judgment. The one year statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3]  *See* Answer in Opposition to Petition for Writ of Habeas Corpus, pp. 6, 26-38 [docket entry 25].

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a prisoner filed a petition for a writ of certiorari, his conviction becomes final, for purposes of the AEDPA's statute of limitations, when the United States Supreme Court either denies the writ or issues a decision on the merits. *See Clay v. U.S.,* 537 U.S. 522, 529, n. 4 (2003). Failure to adhere to the statute of limitations will result in the dismissal of the petition. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

In this case, the Michigan Supreme Court originally denied petitioner leave to appeal on October 31, 2006. Petitioner then filed a petition for writ of certiorari with the United States Supreme Court, which it denied on April 2, 2007. Petitioner had one year from that date to timely file his petition for writ of habeas corpus. Since he did not file his initial habeas petition with this Court until July 29, 2008, both the original and amended habeas petitions are untimely. [4]

Petitioner counters that respondent waived the statute of limitations defense as she failed to raise it in her initial answer. Supreme Court precedent "establishes that a court

---

[4] Because petitioner's original habeas petition was untimely, any claims in his subsequently amended habeas petition would also be untimely even if they related back to the original claims. *See Hodge v. U.S.,* No. 2011 WL 3565227, at *5 (M.D. Tenn. Aug. 15, 2011); *Kenney v. Pancake,* No. 2007 WL 3274274, at *1 (E.D. Ky. Nov. 5, 2007).

may consider a statute of limitations or other threshold bar the state failed to raise in answering a habeas petition." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012). That being said, a district court "is not at liberty...to bypass, override, or excuse a state's deliberate waiver of a limitations defense." *Id.*; *see also Day v. McDonough,* 547 U.S. 198, 202 (2006). Similarly, as a general rule of civil litigation, "a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day,* 547 U.S. at 202 (citing Fed. R. Civ. P. 8©, 12(b), and 15(a)).

Nonetheless, where the state's apparent waiver merely results from a miscalculation of the elapsed time, a federal court has the discretion to correct the error and dismiss the petition as untimely. *Day,* 547 U.S. at 202. Indeed, respondent's inadvertent failure to raise a limitations defense does not prove that the state "strategically withheld the defense or chose to relinquish it." *Id.,* at 211 (internal quotations omitted). Moreover, courts are afforded a certain amount of latitude to consider forfeited statute of limitations defenses because "[the] AEDPA's statute of limitations, like the exhaustion doctrine, 'implicat[es] values beyond the concerns of the parties.'" *Wood,* 132 S. Ct. at 1828 (quoting *Day*, 547 U.S. at 205).

Here, there is no showing that respondent deliberately or intelligently waived the statute of limitations defense. Mere inadvertence on the part of the respondent in failing to raise this defense at the first opportunity does not establish "bad faith" or undue prejudice to petitioner nor does it establish an intelligent or deliberate waiver of that defense. *See Sudberry v. Warden, Southern Ohio Correctional Facility,* 626 F. Supp. 2d

-5-

767, 782 (S.D. Ohio 2009). In fact, courts have held that it is permissible for a state to belatedly raise a statute of limitations defense in an amended answer to a petition for writ of habeas corpus. *See Long v. Wilson*, 393 F.3d 390, 399 (3d Cir. 2004). Ultimately, the Court has the discretion under *Day* to consider the statute of limitations defense in light of the fact that respondent raised it in her supplemental answer, *see Sweet v. Secretary, Dept. of Corrections,* 467 F.3d 1311, 1320-1322 (11th Cir. 2006), and petitioner had notice of the defense and a fair opportunity to respond. *Day,* 547 U.S. at 210. In any event, upon reviewing the record, this Court is confident that petitioner has not been "significantly prejudiced by the delayed focus on the limitation issue" and the interests of justice would be better served" by dismissing the petition as time barred. *Id.*

Petitioner also asks the Court to ignore the limitations period and grant habeas relief because he contends that his claims are meritorious. The AEDPA's statute of limitations must be complied with by a habeas petitioner before a federal court can address the merits of the habeas petition itself. *See Sweger v. Chesney,* 294 F. 3d 506, 518-19 (3d Cir. 2002). A merits decision is unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007). Since petitioner's habeas application is untimely, the Court will decline to address the merits of petitioner's claims.

Insofar as petitioner argues that the limitations period should be tolled, he is not entitled to such relief because he never argued that tolling is warranted under the present circumstances. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

Finally, petitioner may not equitably toll the limitations period on the ground that he is actually innocent as he presented no reliable evidence that would refute his culpability for the charged offenses. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner challenges the legal sufficiency of the evidence adduced at trial, the Court cannot consider this claim in determining whether to toll the limitations period on the basis of his actual innocence. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich. 2002).

Consequently, petitioner's habeas application is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1) and the Court will summarily deny the petition.

The Court also declines to issue a certificate of appealability because reasonable jurists would not debate whether the Court correctly determined that petitioner filed his habeas petition beyond the one year limitations period. *See Grayson,* 185 F. Supp. 2d at 753. Additionally, the Court will deny petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

Accordingly,

IT IS ORDERED that the petition for writ of habeas corpus is denied with

prejudice.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is denied.

Dated: February			s/ Bernard A. Friedman					
				BERNARD A. FRIEDMAN
				SENIOR UNITED STATES DISTRICT JUDGE